UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: JUAK ALBINO GABRIEL BIEL | Case No. 2:25-cv-02432-APG-BNW |
| | **Order** |
| | [ECF No. 1-1] |

Petitioner Juak Albino Gabriel Biel, an immigration detainee who is challenging his federal detention at Nevada Southern Detention Center pursuant to a final order of removal to Sudan from 2014, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 and requested that counsel be appointed. ECF No. 1-1.  Following a preliminary review of the petition, I first find that Biel has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP").[1]  Second, I find that the petition suffers from a procedural defect; namely, Biel has not listed the warden of Nevada Southern Detention Center as a respondent in this action.  Third, I find that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[2]  Fourth, because the petition establishes a *prima facie* case for relief, I direct that it be served on the

---

[1] A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a).  I may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the prisoner and an authorized prison official; and (c) a copy of the prisoner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)).  I may appoint counsel whenever the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

United States Attorney's Office for the District of Nevada, given that they will be representing at least one respondent in this matter following the filing of the counseled amended petition.

I THEREFORE ORDER that the Federal Public Defender for the District of Nevada is appointed to represent Petitioner Juak Albino Gabriel Biel and is directed to file a notice of appearance (or indicate its inability to represent Biel) within 7 days of the date of this Order. If the Federal Public Defender is unable to represent Biel, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Biel in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I FURTHER ORDER that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to (1) file a motion to proceed IFP or pay the $5 filing fee on behalf of Biel and (2) file an amended petition. The Federal Public Defender shall effectuate service of the amended petition on the respondents.

I FURTHER KINDLY ORDER that the Clerk of Court:

1. **DELIVER** a copy of the petition (ECF No. 1-1) and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada and John Mattos to the docket as Interested Parties.

3. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1-1) and this Order to the United States Attorney's Office for the District of Nevada, at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

I FURTHER ORDER that the U.S. Marshal **SERVE** a copy of the petition (ECF No. 1-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United

States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

I FURTHER ORDER that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the amended petition within 7 days of service of Biel's counseled amended petition, unless additional time is allowed for good cause shown. The respondents must file with their answer any documents reference or relied upon in their responsive pleading.[3] Biel will then have 7 days to file a reply.

I FURTHER ORDER that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

I FURTHER ORDER that the respondents shall not transfer Biel out of this District.[4]

Dated: December 11, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").